**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-6865**

───────────

OPIO DIARRA MOORE,

        Petitioner - Appellant,

    v.

WARDEN STREEVAL,

        Respondent - Appellee.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Michael F. Urbanski, Chief District Judge.  (7:22-cv-00338-MFU-JCH)

───────────

Submitted:  October 18, 2022                          Decided:  October 21, 2022

───────────

Before WYNN and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Opio Diarra Moore, Appellant Pro Se.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Opio Diarra Moore, a federal prisoner, appeals the district court's order dismissing for lack of jurisdiction his 28 U.S.C. § 2241 petition in which he sought to challenge his conviction by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his conviction in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

We have reviewed the record and, in light of the Supreme Court's decision in *Greer v. United States*, 141 S. Ct. 2090 (2021), find no reversible error in the district court's determination that Moore failed to show that 28 U.S.C. § 2255 is an inadequate or ineffective means of challenging his conviction. We thus affirm the dismissal order. *Moore v. Streeval*, No. 7:22-cv-00338-MFU-JCH (W.D. Va. July 8, 2022). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*